IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CAROLYN BUSSEY and BOBBY BUSSEY,** | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 3:21-CV-2784-L |
| **HARBHAJAN SINGH and PATIALA EXPRESS, INC. d/b/a PEI,** | § § § § | |
| Defendants. | § § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the court is Defendants' Motion to Strike Plaintiffs' Affidavits Under Section 18.001 of the Texas Civil Practice and Remedies Code and Brief in Support (Doc. 8), filed December 22, 2021. Plaintiffs have not filed a response, and the time for filing a response elapsed over six months ago. After careful consideration of the motion, record, and applicable law, the court **grants** Defendants' Motion to Strike.

**I. Background Facts and Procedural History**

This is a personal injury case brought by Plaintiffs Carolyn and Bobby Bussey (collectively, "Plaintiffs") to recover from Defendants Harbhajan Singh ("Mr. Singh") and Patiala Express, Inc. d/b/a PEI ("PEI") (collectively, "Defendants"). *See* Ex. 3B to Defs.' Notice of Removal (Pls.' Orig. Pet.) (Doc. 1-3). In Plaintiffs' Original Petition, they allege that on or about February 9, 2020, Mrs. Bussey was injured when her motor vehicle was struck by a tractor trailer driven by Defendant Mr. Singh. Plaintiffs allege that the tractor trailer was owned by Defendant PEI. Plaintiffs bring claims for negligence and negligence per se against Mr. Singh. They bring claims against PEI under the doctrine of respondeat superior and contend that PEI is liable for

negligent hiring, as well as negligent supervision and training. *See id.* Plaintiffs originally sued Defendants in the 298th Judicial District Court of Dallas County, Texas, and Defendants removed the case to this court asserting that complete diversity of citizenship is present between the parties and that the matter in controversy exceeds $75,000, exclusive of interest and costs. Defs.' Notice of Removal (Doc. 1); 28 U.S.C. § 1332(a).

On December 20, 2021, Plaintiffs filed affidavits concerning the reasonableness and necessity of Mrs. Bussey's medical care and expenses under Texas Civil Practice and Remedies Code § 18.001. *See* Pls.' Medical Records Affidavits and Affidavits of Necessity of Services and Reasonableness of Charges (Doc. 7). Section 18.001 allows a party to use an affidavit (which would otherwise qualify as hearsay), as admissible evidence at trial to prove up the reasonableness and necessity of medical charges and services. Defendants have filed a motion to strike, contending that section 18.001 of the Texas Civil Practice & Remedies Code is not applicable in federal court and that, therefore, the court should strike the affidavits. As previously stated, Plaintiffs have not filed a response to the Motion to Strike, and the time in which to file a response has long elapsed.

**II. Applicable Law**

Under the *Erie* doctrine, "federal courts apply substantive state law when adjudicating diversity-jurisdiction claims, but in doing so apply federal procedural law to the proceedings." *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991) (citation omitted) (describing the holding in *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)). Although the concept sounds simple and straightforward, "[c]lassification of a law as 'substantive' or 'procedural' for *Erie* purposes is sometimes a challenging endeavor." *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 427 (1996) (citation omitted).

**Memorandum Opinion and Order – Page 2**

To determine whether the state law reflects a substantive state policy or is purely procedural, federal courts first look to the final decisions of the state's highest court. *See Baker v. RR Brink Locking Sys., Inc.*, 721 F.3d 716, 717 (5th Cir. 2013); *Shanks v. AlliedSignal, Inc.*, 169 F.3d 988, 993 (5th Cir. 1999). As recognized by the United States Supreme Court, "federal courts in diversity cases must respect the definition of state-created rights and obligations by the state courts." *Byrd v. Blue Ridge Rural Elec. Co-op., Inc.*, 356 U.S. 525, 535 (1958). If there is no final decision emanating from the state's highest court, "it is the duty of the federal court to determine as best it can, what the highest court of the state would decide." *Lampton v. Diaz*, 661 F.3d 897, 899 (5th Cir. 2011) (citation omitted).*

### III. Analysis

As previously noted, at issue is section 18.001(b) of the Texas Civil Practice and Remedies Code. Section 18.001(b) provides:

> Unless a controverting affidavit is served as provided by this section, an affidavit that the amount a person charged for a service was reasonable at the time and place that the service was provided and that the service was necessary is sufficient evidence to support a finding of fact by judge or jury that the amount charged was reasonable or that the service was necessary. The affidavit is not evidence of and does not support a finding of the causation element of the cause of action that is the basis for the civil action.

Tex. Civ. Prac. & Rem. Code § 18.001(b). The applicability of section 18.001 in federal court was addressed for the first time in *Rahimi v. United States*, 474 F. Supp. 2d 825, 829 (N.D. Tex. 2006).

---

* To determine whether a law is substantive or procedural for *Erie* purposes in the absence of a decision from the state's highest court, a district court must "employ an 'outcome-determination' test, under which the outcome of a case brought under diversity jurisdiction 'should be substantially the same, so far as legal rules determine the outcome of a litigation, as it would be if tried in a State court.'" *Olson v. Schnauder*, 841 F. App'x 637, 640-41 (5th Cir. 2020) (quoting *Gasperini*, 518 U.S. at 427-28). Application of this test "must be guided by 'the twin aims of the *Erie* rule: discouragement of forum-shopping and avoidance of inequitable administration of the laws.'" *Gasperini*, 518 U.S. at 428 (quoting *Hanna v. Plumer*, 380 U.S. 460, 468 (1965)).

**Memorandum Opinion and Order – Page 3**

After conducting an *Erie* analysis, the court found that section 18.001 "is so bound up or intertwined with a litigant's substantive rights, it is appropriate to apply the state law to avoid an inequitable administration of the law." *Id.* The *Rahimi* court noted it was required to conduct an *Erie* analysis because the Texas Supreme Court had yet to decide whether section 18.001 was procedural or substantive. *Id.* at 827. Five years after *Rahimi* was decided, the Texas Supreme Court issued its opinion in *Haygood v. De Escabedo*, in which it described section 18.001 as "purely procedural, providing for the use of affidavits to streamline proof of the reasonableness and necessity of medical expenses." 356 S.W.3d 390, 397 (Tex. 2011). The court notes that in 2018, the Texas Supreme Court reiterated that section 18.001 affidavits are "purely procedural." *See Gunn v. McCoy*, 554 S.W.3d 645, 674 (Tex. 2018) ("We reiterate that an affidavit served under section 18.001 is 'purely procedural' and does not amount to conclusive evidence of the expenses.") (citations omitted).

After *Haygood*, this court was confronted with the same issue as in *Rahimi* and, following its analysis, concluded that section 18.001 is best classified as procedural and not substantive state law. *See Holland v. United States*, 3:14-CV-3780-L, 2016 WL 11605952, at *1 (N.D. Tex. July 21, 2016). The court reasoned as follow:

> In *Rahimi*, United States Magistrate Judge William Sanderson evaluated Section 18.001 in light of conflicting Texas appellate court characterizations and in "the absence of an explicit characterization by the Texas Supreme Court," and found that an affidavit executed in conformity with the requirement of Section 18.001 could be used to make a prima facie showing of the necessity and reasonableness of medical expenses. *Id.* Since *Rahimi*, however, the Texas Supreme Court has characterized Section 18.001 as "purely procedural." *Haygood v. De Escabedo*, 356 S.W. 3d 390, 397 (Tex. 2011). As the Texas Supreme Court has explicitly characterized Section 18.001 as procedural, the statute is not applicable in this action.

*Holland*, 2016 WL 11605952, at *1. The court, therefore, concluded that the plaintiff's

**Memorandum Opinion and Order – Page 4**

affidavits—filed under Section 18.001 of the Texas Civil Practice and Remedies Code to establish the necessity and reasonableness of her medical expenses—constituted hearsay pursuant to Federal Rule of Evidence 801 and did not fall under any applicable exception to the hearsay rule. Accordingly, the court granted the defendants' motion to strike the plaintiffs' affidavits.

Another judge in this district recently agreed with the court's decision in *Holland*. *See Baird v. Shagdarsuren*, No. 3:17-CV-2000-B, 2019 WL 2286084, at *2 (N.D. Tex. May 29, 2019). In *Baird*, the Honorable Jane J. Boyle reasoned:

> The Texas Supreme Court has repeatedly stated that § 18.001 is purely procedural, and thus it is not necessary to address the twin aims of the *Erie* doctrine. Moreover, the court in *Rahimi* made an "*Erie* guess" when it allowed § 18.001 affidavits because the Texas Supreme Court had not yet addressed § 18.001. Because the Texas Supreme Court has now held that § 18.001 is a procedural rule, the statute is inapplicable in federal court.

*Baird*, 2019 WL 2286084 at *2; *see also Parker v. Sheila*, No. A-19-CV-00017-RP, 2020 WL 1669647, at *2 (W.D. Tex. Apr. 3, 2020) (concluding "that § 18.001 is best classified as procedural and not substantive state law" and denying a plaintiff's motion for leave to file affidavits under section 18.001) (citing with approval *Holland*, 2016 WL 11605952, at *1; *Baird*, 2019 WL 2286084 at *2). The court also recognizes that, in light of the Texas Supreme Court's now twice explicit holding that § 18.001 is a procedural rule, district courts in the Southern District of Texas are uniform in their approach that "§ 18.001 does not apply in federal court." *See Lloreda v. Dolgencorp of Texas, Inc.*, No. 3:21-CV-00171, 2022 WL 203258, at *3 (S.D. Tex. Jan. 24, 2022) (collecting cases).

The undersigned recognizes that other courts in this district have allowed section 18.001 affidavits after the decision in *Haygood*. As Judge Boyle noted in *Baird*, however, only two of these courts acknowledged the Texas Supreme Court's characterization of section 18.001 as purely

procedural. *See Baird*, 2019 WL 2286084, at *2 (citing *Gorman v. ESA Mgmt., LLC*, 2018 WL 295793, at *1-2 (N.D. Tex. Jan. 4, 2018) (Fitzwater, J.); *Butler v. United States*, No. 3:15-cv-2969-M, ECF No. 41, at 3-4 (N.D. Tex. June, 2, 2017) (Lynn, C.J.) (order)). The court in *Gorman* only provided a "but see" citation to *Holland* and *Haygood* rather than addressing the Texas Supreme Court's characterization head-on. *See Gorman*, 2018 WL 295793, at *1. The court in *Butler* also allowed section 18.001 affidavits and rejected the notion that the Texas Supreme Court's characterization precludes section 18.001 from applying in federal court. *Butler*, No. 3:15-cv-2969-M, ECF No. 41, at 3-4. Based on the reasoning in *Holland*, *Baird*, *Parker*, and *Lloreda*, the court declines to follow the analysis in *Gorman* or *Butler*.

### IV. Conclusion

Based on the foregoing, the court **grants** Defendant's Motion to Strike Plaintiffs' Affidavits Under Section 18.001 of the Texas Civil Practice and Remedies Code (Doc. 8). As a result, the court **strikes** the section 18.001 affidavits Plaintiffs have offered in this case from Alleviate Pain Center; City of Lancaster EMS; Comprehensive Spine Center; DFW Open MRI; Linden Dillin, MD; Methodist Charlton; Metro Spine; People First Pharmacy; Radiology Associates of North Texas; Singleton Associates; and Texas Physicians Resources.

Finally, the court directed the parties to mediate this dispute by July 1, 2022. *See* Mediation Order (Doc. 12). As such, the court **directs** the parties to file a written notification with the court by **August 31, 2022**, regarding the outcome of their mediation or, in the event they have not mediated this action, explain why mediation has not taken place and why sanctions should not be imposed for failure to comply with a court order.

**It is so ordered** this 24th day of August, 2022.

                                                                        _____
                                                                        Sam A. Lindsay
                                                                        United States District Judge